IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gwendolyn Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| American Strategic Insurance Corp. an Affiliate of The Progressive Corporation, | ) ) | C.A. No. _____ |
| | ) | |
| Defendant. | ) | |

**TO: THE HONORABLE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION**

Defendant, American Strategic Insurance Corp. ("ASI"), incorrectly identified as "American Strategic Insurance Corp., an Affiliate of The Progressive Corporation," would respectfully allege and show unto the Court as follows:

1. ASI is a party to a civil action brought against it in the Court of Common Pleas of Richland County entitled "Gwendolyn Taylor v. American Strategic Insurance Corp., an affiliate of The Progressive Corporation," C.A. No. 2022-CP-40-06695, which action was commenced by service of a summons and complaint on ASI on January 18, 2023 via the Chief Financial Officer of the State of Florida. Copies of the summons and complaint served in this matter are attached hereto as **Exhibit A**. No further proceedings have been had therein.

2. This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which ASI was served with the summons and complaint.

3.      Upon information and belief, at the time this action was commenced and at all relevant times thereafter to the present, Plaintiff Gwendolyn Taylor ("Plaintiff") was and is a citizen and resident of South Carolina. *See* Complaint, ¶ 1.

4.      ASI is an insurance company incorporated under the laws of the state of Florida with its principal place of business in Florida.

5.      Plaintiff's Complaint alleges causes of action for breach of contract and bad faith against ASI. *See* Complaint.

6.      Plaintiff alleges she is entitled to recover damages for out of pocket losses, cost of repairs and consequential damages, including emotional distress and lost time arising out of a loss that took place in June 2022. *See* Complaint, ¶¶ 7, 29. Plaintiff also seeks punitive damages, statutory damages, interest, attorneys' fees, and costs. *See* Complaint, ¶¶ 32, 33, 34 and Prayer for Relief. Claims for punitive damages and attorney's fees are considered in determining the amount in controversy. *See Spann v. Style Crest Products, Inc.*, 171 F. Supp. 2d 605, 609 (D.S.C. 2001) (holding that "it is well-settled that potential punitive damages are to be considered when determining the jurisdictional amount . . ."); *Woodward v. New Court Commercial Finance Corporation*, 60 F. Supp. 2d 530, 532, 532 n.6 (D.S.C. 1999) (holding that defendant would satisfy any burden of proof where damages recoverable approximated $15,000 and where plaintiff sought punitive damages); *Phillips v. Whirlpool Corporation*, 351 F. Supp. 2d 458, 462 (D.S.C. 2005) (holding that "where statutory provisions authorized the recovery of attorneys' fees, those fees may be included as part of the amount in controversy.").

7.      Based upon the Complaint, the compensatory damages to which Plaintiff claims entitlement, alleged only for the purpose of proving jurisdictional amount, exceed $75,000.00.

Therefore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

8. Because there is diversity of citizenship between Plaintiff and ASI, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, the action brought by Plaintiff against ASI is a suit of a civil nature, the character of which the District Courts of the United States are given original diversity jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by ASI pursuant to 28 U.S.C. § 1441.

9. ASI submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendant, ASI, respectfully requests that this action, now pending in the Court of Common Pleas for Richland County, South Carolina, be removed therefrom to this Court.

Respectfully submitted,

February 17, 2023

s/Jennifer E. Johnsen
Jennifer E. Johnsen (Fed. ID No. 5427)
Natalie R. Ecker (Fed. ID No. 12931)
GALLIVAN, WHITE & BOYD, P.A.
Post Office Box 10589
55 Beattie Place, Suite 1200
Greenville, SC 29603
(864) 271-9580
(864) 271-7502 (facsimile)
jjohnsen@gwblawfirm.com
eckern@gwblawfirm.com

Attorneys for Defendant,
American Strategic Insurance Corp.